UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL REYES, | No. 2:16-cv-2822 GGH P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

    By virtue of reading the petition itself, the undersigned finds, however, that petitioner has failed to exhaust his state court remedies in regard to all claims.  The claims to be reviewed in federal habeas must be presented to the California Supreme Court either by way of petitioning for direct review after an appeal has been denied in the California Court of Appeal, or by way of a habeas corpus petition presented to the state supreme court.  The petition indicates that petitioner has not made such a presentation, terminating all efforts with the California Court of Appeal.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for a

1

writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).  Thus, a waiver of exhaustion may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

A petition which includes only unexhausted claims may be dismissed on that basis. Nevertheless, on February 17, 2016, the Court of Appeals for the Ninth Circuit held that the Rhines stay and abeyance procedure applies to completely unexhausted petitions as well as mixed petitions.  Mena v. Long, 813 F.3d 908 (9th Cir. 2016).  Therefore the petitioner will be provided the opportunity to move for a stay under Mena and Rhines.

The Ninth Circuit opinion in Mena significantly changes the manner in which wholly unexhausted federal habeas petitions are handled.  The court held "that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines.  Mena, *supra*, 813 F.3d at 908. A district court may also properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts.  Rhines, 544 U.S. at 277.  Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court [.]"  King, 564 F.3d at 1140.  However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.  Rhines, 544 U.S. at 277–78.

Based on the decision in Rhines, petitioner will be required to file a motion for stay and abeyance in which he sets forth good cause for his failure to exhaust prior to filing the petition in

1 | this case, that his unexhausted claims are potentially meritorious, and that he has not been dilatory
2 | in proceeding on his claims.
3 |         In accordance with the above, IT IS HEREBY ORDERED that:
4 |     1. Petitioner shall submit, within twenty-eight (28) days from the date of this order, an
5 |         affidavit in support of his request to proceed in forma pauperis or the appropriate
6 |         filing fee; petitioner's failure to comply with this order will result in a
7 |         recommendation that this action be dismissed;
8 |     2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis
9 |         form used by this district.
10 |     3. Within twenty-eight (28) days of this order petitioner shall: file and serve a motion for
11 | stay and abeyance; failure to comply with this order will result in a recommendation that this
12 | action be dismissed as unexhausted;
13 |     4. Respondent shall file a response to petitioner's motion within fourteen (14) days
14 | thereafter;
15 |     5. The Clerk of the Court is directed to serve a copy of this order and the form Consent to
16 | Proceed Before a United States Magistrate Judge on Michael Patrick Farrell, Senior Assistant
17 | Attorney General.
18 | Dated: December 12, 2016

             /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

+

GGH:076/md; reye2822.101a